UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| A.L., individually and on behalf of minor E.R.; N.D., individually and on behalf of minor N.S.,<br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>SNAP, INC.; SNAP, LLC; and BRANDON RHOADES,<br>　　　　*Defendants*. | **Civil Case No.:**　25-385 |

## NOTICE OF REMOVAL

1.　　PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Snap, Inc. and Snap, LLC (collectively, "Snap") hereby remove to the United States District Court for the District of Vermont the above-captioned state court action, originally filed as Case No. 25-CV-01142 in the Chittenden Unit of the State of Vermont Superior Court, Civil Division.  Removal is proper on the following grounds:

2.　　This action is one of hundreds of lawsuits filed against Snap and other "social media" companies (many of which were filed by the same counsel, Social Media Victims Law Center, representing Plaintiffs here) based on alleged harms stemming from the use of Snapchat and other apps.  They key allegations about Snap are largely identical in these cases.  The only material difference in this case is the inclusion of a non-diverse individual defendant joined for the purpose of thwarting diversity jurisdiction.

1

3. On October 6, 2022, the Judicial Panel on Multidistrict Litigation (JPML) formed a multidistrict litigation (MDL) to coordinate actions where plaintiffs allege harms from the use of communication apps like those operated by Snap. *See* Transfer Order, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 (attached as **Exhibit A** to the Declaration of Kaveh Shahi in Support of Defendant Snap's Notice of Removal ("Attorney Decl.")).

4. As in the 1,919 cases currently pending in the MDL, Snap in this action is being sued for harms its online communications service Snapchat allegedly caused. In addition to Snap, the Complaint also names as a defendant an unrelated individual who is alleged to reside in Vermont, accusing him of assault and battery. But, as explained below, Snap is not a Vermont defendant, and the citizenship of the non-diverse defendant should be ignored because he is fraudulently misjoined under Rule 20; this case is therefore removable to federal court. *See* Order Severing Defendants and Granting in Part and Denying in Part Motion to Remand, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, MDL 3047 (N.D. Cal. Aug. 8, 2024) (granting motion to sever fraudulently misjoined individual defendants and denying plaintiffs' motion to remand with respect to corporate defendants, including Snap).

I. **TIMELINESS OF REMOVAL**

5. On March 14, 2025, Plaintiffs A.L. and N.D., individually and on behalf of minors E.R. and N.S., respectively, (collectively, "Plaintiffs"), filed a complaint against Snap in the Chittenden Unit of the State of Vermont Superior Court, Civil Division.

6. Snap, LLC was served with the Complaint on April 2, 2025, and Snap, Inc. was served with the Complaint on April 7, 2025.

7.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Amended Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (holding that the 30-day removal period begins upon service of summons and complaint).

## II.     PROPRIETY OF VENUE

8.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

## III.    SUMMARY OF ALLEGATIONS

9.      Plaintiffs A.L. and N.D., residents of Vermont, bring this case individually and as the personal representatives of E.R. and N.S., respectively, both minor residents of Vermont, in order to recover for harms E.R. and N.S. suffered allegedly as a result of the Snapchat app. Complaint ¶¶ 12, 23–24.

10.     Plaintiffs allege that Snap, Inc. is a Delaware corporation with its principal place of business in Santa Monica, California. *Id.* ¶ 25. Plaintiffs allege that Snap, LLC is a Nevada limited-liability company with a principal place of business in Venice, California. *Id.* ¶ 26.

11.     Defendant Snap, LLC is a Nevada limited liability company with its principal place of business in Santa Monica, CA. Its sole member is Snap, Inc., a Delaware corporation with a principal place of business in Santa Monica, CA.

12.     Defendant Brandon Rhoades ("Rhoades"), who is improperly joined, is alleged to be a resident of Vermont. *Id.* ¶ 27.

13. Like the cases that were centralized by the Judicial Panel on Multidistrict Litigation into an MDL proceeding, the central allegation of Plaintiffs' Complaint against Snap is that the Snapchat app's functionality for communicating and displaying and disseminating content among users caused them harm. *Id.* ¶¶ 6–8, 12. The Complaint specifically faults particular features of Snap's app relating to third-party content on the app—including Snapchat's "Quick Add" and "Streaks" features, which allegedly "manipulate kids to connect with adult predators" and "addict teens by design." *Id.* ¶¶ 98, 113. The Complaint also alleges addiction and mental health harms, faulting Snapchat for allegedly causing "addiction (a/k/a problematic use), sleep deprivation, anxiety, depression, and other serious mental health harms." *Id.* ¶¶ 5, 12. Plaintiffs bring claims against Snap for strict product liability, failure to warn, violation of the Vermont Consumer Protection Act, 9 V.S.A. § 2451, *et seq.*, unjust enrichment, negligent design, aiding and abetting, and loss of consortium, based on the alleged design of the Snapchat app and Snap's purported failure to warn of alleged defects. *Id.* ¶¶ 307–82, 389–96.

14. The allegations against the individual defendant, Brandon Rhodes, center on entirely different alleged conduct from the conduct alleged against Snap. Rhoades is not alleged to have any association with Snap whatsoever—he is not an officer, director, or employee. Instead, the Complaint alleges that N.S. and E.R. connected with Rhoades through Snapchat and that Rhoades "exploited and sexually abused" the minors. *Id.* ¶¶ 223, 294. The Complaint brings claims against Rhoades for assault and battery, child sex abuse, and loss of consortium. *Id.* ¶¶ 383–96.

15. There is almost no overlap between the causes of action brought against Snap and those asserted against Rhoades: Counts 1-7 are alleged solely against Snap, and Count 8 is alleged solely against Rhoades. *Id.* ¶¶ 307–88. Only Count 9—Loss of Consortium—could be

4

interpreted as a claim asserted against both Snap and Rhoades (though the focus of that count is not entirely clear—the Complaint does not make clear which defendant that count applies to). *See id.* ¶¶ 389–96 ("All these injuries and damages were caused . . . by the negligence of the defendants."). Otherwise, the Complaint's claims against Rhoades for sexual assault and abuse have no connection to the claims against Snap based on Snap's provision of an online forum for third-party content and communications.

16.     Snap denies that Plaintiffs can establish liability or damages. Snap does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiffs' allegations constitute a cause of action against it under applicable law. No statement or reference in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Snap's notice seeks only to establish that the amount in controversy is more likely than not in excess of Section 1332's jurisdictional minimum and that there is complete diversity between Plaintiffs and Snap.

### IV.     THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER U.S.C. § 1332

17.     Removal is proper under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiffs and Snap (and diversity as to Rhoades should be disregarded because he is fraudulently misjoined), (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (iii) all other requirements for removal have been satisfied.

**A.     There is Complete Diversity between Plaintiffs and Snap.**

18.     Plaintiffs and Snap are "citizens of different States." 28 U.S.C. § 1332(a).

19.     Plaintiffs allege that they are residents of Vermont.  Compl. ¶ 30.  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [which] is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  "Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Plaintiff A.L. is alleged to be E.R.'s parent and legal guardian.  Compl. ¶ 23.  Plaintiff N.D. is alleged to be N.S.'s parent and legal guardian.  Compl. ¶ 24.

20.     Snap is not a citizen of Vermont.  For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

21.     Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiffs and Snap.

**B.      The Citizenship of Rhoades Should be Ignored Because He is Fraudulently Misjoined**

22.     The citizenship of individual defendant Brandon Rhoades should be disregarded, and the claims against him severed from this litigation, because he has been fraudulently misjoined in order to defeat diversity jurisdiction.

23. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff improperly joins a nondiverse party to defeat federal jurisdiction. *See Mancinone v. Allstate Ins. Co.*, 2020 WL 5709675, at *6 (D. Conn. Sept. 24, 2020). Fraudulent misjoinder, also known as procedural misjoinder, occurs when "a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Id.*

24. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time" to preserve diversity jurisdiction. *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 336 (2d Cir. 2004). Courts in the Second Circuit have applied the fraudulent misjoinder doctrine to sever the claims against a fraudulently misjoined party whose presence would otherwise destroy complete diversity. *See Mancinone*, 2020 WL 5709675, at *6; *In re Propecia (Finasteride) Prod. Liab. Litig.*, 2013 WL 3729570, at *8; *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 147 (S.D.N.Y. 2001). In applying the fraudulent misjoinder doctrine, a court "need not find that Plaintiffs acted in bad faith in order to conclude that a severance and partial remand [of claims against misjoined defendants] is appropriate." *Mancinone*, 2020 WL 5709675, at *7.

25. To determine whether a party is fraudulently misjoined, courts typically look to state joinder rules. *Id.* at *6. Vermont's standard for permissive joinder is virtually identical to Federal Rule of Civil Procedure 20. *See* Reporter's Notes, Vt. R. Civ. P. 20 ("This rule is identical to Federal Rule 20, with the omission of language pertaining to admiralty actions."); *Breslauer v. Fayston Sch. Dist.*, 163 Vt. 416, 427 (1995). A plaintiff can join several parties in the same action as defendants only if the plaintiff "asserts against them jointly, severally, or in

7

the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Vt. R. Civ. P. 20.

26.     Applying this standard, courts regularly deny remand as to diverse defendants and sever claims against non-diverse defendants where the claims against the different defendants lack a "logical relationship" to each other, *M.W. v. Ford Motor Co.*, 2015 WL 1311029, at *3, *5 (M.D. Fla. March 24, 2015), or "have no real connection" with one another, *see, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008); *Hughes v. Sears, Roebuck & Co.*, 2009 WL 2877424, at *5 (N.D. W.Va. Sept. 3, 2009).

27.     Where, as here, the underpinnings of the claims against Snap and Rhoades are distinct, the claims cannot properly be joined together. *See Oda v. United States*, 2012 WL 692409, at *2 (N.D. Cal. Mar. 2, 2012). Courts find defendants are procedurally misjoined when, among other things, the claims against one defendant involve markedly different facts and evidence from the claims against another defendant—such as where the claims involve different circumstances, actions, omissions, or legal theories. *See, e.g.*, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (malpractice claims against medical defendants severed from product liability claims against tobacco company because the proof required for respective claims was "totally different"); *Cnty. Comm'n of McDowell Cnty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 646–47 (S.D. W. Va. 2017) (claims against doctor who allegedly wrote illegitimate prescriptions for opioids were fraudulently misjoined with claims against pharmaceutical distributors that "allegedly flooded the market with opioids," because claims arose out of different transactions, involved different evidence, and rested on different legal

theories); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004) (claims against pharmaceutical manufacturer fraudulently misjoined with claims against physicians and sales representatives, because "[i]ndividual circumstances, actions, and omissions were involved in each Plaintiff's choice to ingest the medication, as well as each Defendant's role in, and responsibility for, that decision").[1]

28.  Here, Snap operates an online communications platform. Plaintiffs' core claims against Snap concern how its Snapchat app disseminates content to users and enables users to communicate. For example, Plaintiffs contend that particular aspects of Snap's services, such as "streaks," "direct- and disappearing-messaging," and "push notifications," Compl. ¶¶ 110–37, allegedly "addicted" E.R. and N.S. to Snapchat, which the Complaint alleges harmed their mental health. Compl. ¶ 136, 265–69. Similarly, Plaintiffs contend that Snap's "user-recommendation product" or "algorithm" "facilitated, encouraged, and ensured" connections with strangers that exposed E.R. and N.S. to harm. Compl. ¶¶ 1, 130.

29.  By contrast, Rhoades is not alleged to have any association with Snap whatsoever except his misuse of Snap's services—he is not an officer, director, nor employee of Snap. Rather, Plaintiffs' claims for assault and battery against Rhoades are based solely on allegations

---

[1] *See also Sutton*, 251 F.R.D. at 504 ("[C]laims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the California Defendants."); *M.W.*, 2015 WL 1311029, at *3, *5 (finding procedural misjoinder where facts needed to support medical malpractice claim concerning treatment of Plaintiff's injuries were wholly distinct from facts that would support product liability and negligence claims about a vehicle in which injuries occurred); *Atkins v. Smalbach*, 2015 WL 1138456, at *5 (M.D. Fla. Mar. 13, 2015) (finding procedural misjoinder where claim seeking approval of arbitration award against non-diverse defendant over fraudulent sales of securities shared no common questions of law or fact with a claim alleging diverse defendant was an agent that participated in the sale).

that he criminally and intentionally sexually exploited and assaulted E.R. and N.S. The Complaint alleges that Rhoades connected with N.S. on the Snapchat app, convinced her and E.R. to meet him in person, furnished alcohol to N.S. and E.R., and then exploited N.S. and sexually assaulted E.R. Compl. ¶¶ 36–44.

30.     Whether Plaintiffs can prevail on their assault and battery claims against Rhoades "turn[s] on an entirely different set of factual and legal questions" than the claims against Snap, which are based on the allegedly defective design of Snapchat and Snap's purported failure to warn users of Snapchat-related dangers. *Mancinone*, 2020 WL 5709675, at *7 (products liability claims against developer for constructing a defective home that later collapsed arose from a different transaction and raised different questions of law and fact than claims against insurer for improper denial of coverage); *M.W.*, 2015 WL 1311029, at *3, *5 (medical malpractice claim concerning treatment of Plaintiff's injuries raised different factual issues than product liability and negligence claims about vehicle in which injuries occurred); *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d at 144–45 (S.D.N.Y. 2001) (claims against drug manufacturers for negligent marketing and distribution and failure to warn did not arise from same transaction or occurrence as claims against health care provider for negligent administration of drug). Plaintiffs' claims against Rhoades thus do not arise from the same transaction, occurrence, or series of transactions or occurrences as their claims against Snap. *See* Vt. R. Civ. P. 20(a).

31.     Applying the fraudulent misjoinder doctrine to sever the claims against Rhoades from those against Snap is particularly appropriate here because it will enable the parties to benefit from the significant efficiencies of coordination with hundreds of substantially similar cases pending in the MDL in the Northern District of California. Removal and severance will "preserve the interests of judicial expediency and justice so that all pre-trial discovery on the

products liability case can be coordinated in a single forum." *Sutton*, 251 F.R.D. at 505; *see also Bd. of Cnty. Comm'rs of Seminole Cnty. v. Purdue Pharma L.P.*, 2019 WL 1474397, at *2 (E.D. Okla. Apr. 3, 2019) ("[A]ll pretrial matters in the instant case, including the remand motion, [should] be resolved in the MDL."). "If plaintiffs [are permitted to] escape the MDL by joining multiple, unconnected and non-diverse parties in a state court of their choice, they [will] defeat the purposes of the MDL and deny defendants their right to removal." *In re Propecia (Finasteride) Prod. Liab. Litig.*, 2013 WL 3729570, at *8.

32. Indeed, the court in the MDL to which this case relates applied the fraudulent misjoinder doctrine to allow a case to remain in the MDL. In that case, the plaintiffs attempted to join claims against various social media companies with claims against individual New Mexico defendants that had used social media in the course of sexually extorting and assaulting a minor. *See* Order Severing Defendants and Granting in Part and Denying in Part Motion to Remand, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, MDL 3047 (N.D. Cal. Aug. 8, 2024). The MDL court determined that the claims against the individual defendants and corporate defendants were "almost entirely unrelated to each other," noting that the claims against the individual defendants were focused on "sexual extortion and assault," while the claims against the social media defendants "largely concern[ed] the design and development of social media platforms." *Id.* at *7; *see also id.* at *8 (noting that allegations between the two sets of defendants did not clearly arise from "any related set of transactions or occurrences" or present "any common questions of law or fact"). The court also concluded that the "just and efficient conduct of this MDL merits application of fraudulent misjoinder." *Id.* The court therefore severed the claims against the individual defendants from the suit, allowing the claims against the social media defendants to remain in the MDL.

33.     In sum, because Plaintiffs are citizens of Vermont, because the claims against Rhoades are fraudulently misjoined, and because Snap is not a citizen of Vermont, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## V.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

34.     Under U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs."  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

35.     Snap takes no position as to which of the Complaint's allegations are admitted or denied at this state, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiffs are entitled to any relief.  But based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

36.     Plaintiffs allege that they are entitled to compensatory damages for "emotional distress, physical harm, and pecuniary hardship" as well as the "severe mental harm" E.R. and N.S. allegedly suffered.  Compl. ¶ 324.  Plaintiffs further allege that as a result of Rhoades' sexual assault on her, E.R. "has faced mental health challenges, including anxiety, depression, and an eating disorder."  *Id.* ¶ 393; *see, e.g.*, *Capitol Specialty Ins. Corp. v. IKO, Inc.*, 2013 WL 6196564, at *4 (W.D. Ky. Nov. 26, 2013) (accepting plaintiffs' allegation that claim based on sexual assault met $75,000 requirement); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

Cir. 1999) (plaintiffs' allegations of "an emergency ambulance trip, a six day stay in hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" supported claim in excess of $75,000).

37. The Complaint also alleges that Snap is liable for punitive damages because Snap "at all times acted with bad motive and malice," at the "direct expense of the health, safety, and welfare of its child users" like E.R. and N.S. Compl. ¶ 22. When "punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Plaintiffs also request "the imposition of exemplary damages under Vermont's Consumer Protection Act" as a result of "Snap's acts and omissions [which] demonstrate a flagrant disregard for human life and safety…" Compl. ¶ 350. Even if the alleged compensatory damages alone were insufficient to meet the amount-in-controversy threshold, Plaintiffs' allegations of punitive and exemplary damages confirm the jurisdictional minimum is met here.

38. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. this is a civil action within the meaning of Section 1332(a);
   b. the properly joined parties are citizens of different states as required by § 1332(a)(1); and
   c. the amount in controversy exceeds $75,000 as required by § 1332(a).

39. Accordingly, this action is properly removable under 28 U.S.C. § 1441.

## VI.  OTHER REMOVAL ISSUES

40. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Snap has been properly served and consents to removal.

41. Rhoades is not properly joined in this action, and thus his consent to removal is not required. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (holding that removing party need not obtain consent-to-removal of non-diverse defendant where non-diverse defendant was alleged to have been improperly joined); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (holding that rule of unanimity does not apply to fraudulently joined parties).

42. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all other process, pleadings, and orders served on Snap and/or filed in the state court are attached as **Exhibit B** to the Attorney Decl., filed concurrently herewith.

43. If any question arises as to the propriety of removal to this Court, Snap requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

44. Upon filing the Notice of Removal, Snap will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Chittenden Unit of the Vermont Superior Court, pursuant to 28 U.S.C. § 1446(d).

45. Snap reserves the right to amend or supplement this Notice.

**WHEREFORE,** Snap removes this action from the Chittenden Unit of the Vermont Superior Court, 25-CV-01142, to this Court.

DATED:  April 10, 2025                           CLEARY SHAHI & AICHER, P.C.


By: _____/s/ Kaveh Shahi_____
Kaveh S. Shahi, Esq.
110 Merchants Row, Ste. 3
Rutland, VT 05701
(802) 775-8800
kss@clearyshahi.com

Jonathan H. Blavin (*pro hac vice* forthcoming)
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000
jonathan.blavin@mto.com

John B. Major (*pro hac vice* forthcoming)
Munger, Tolles & Olson LLP
350 S. Grand Ave., Fl. 50
Los Angeles, CA 90071
(213) 683-9100
john.major@mto.com

*Attorneys for Defendants Snap Inc. and Snap LLC*